# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **THOMAS L. WELCH** | ) | **CASE NO.** _____ |
| **55 E. MAIN STREET** | ) | |
| **JEROMESVILLE, OHIO 44840** | ) | **JUDGE** _____ |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| **WALMART SUPER CENTER #1539** | ) | |
| **359 SOUTH LEXINGTON DRIVE** | ) | |
| **ONTARIO, OHIO 44906** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Demand Endorsed Hereon.** |

Plaintiff, Thomas Welch, by his undersigned counsel and for his several causes of action and claims for relief against Defendant Walmart Super Center #1539 avers, as of all times pertinent, the following matters and things.

### Count I (Disability Discrimination)

1. Plaintiff, at all times relevant hereto, was a resident of Ohio and resided at the above captioned address. Plaintiff was born in 1968.

2. Defendant Walmart Super Center #1539. was at all times relevant hereto and currently operates a retail store at the above captioned address.

3. Defendant was and is an employer within the meaning of the federal Americans with Disabilities Act of 1990, as amended ("ADA"), Title 42, U.S. Code, Sections 12101-12117, as well as of the provisions of the CFR promulgated by the EEOC under the ADA.

4. At all times relevant hereto Plaintiff was and is suffering from disabling conditions and Defendant knew about Plaintiff's disabling conditions.

5. At all times relevant hereto Plaintiff could perform the essential functions of his employment with or without accommodation. .At all relevant times, Plaintiff performed her job safely and satisfactorily and all assertions to the contrary are false.

6. At all relevant times, Plaintiff was disabled, within the meaning of the ADA and/or Defendants perceived and/or regarded Plaintiff as having a disabling condition; and said condition and/or perception constitutes a covered "disability" within the meaning of the ADA.

7. At all relevant times, Defendant knew Plaintiff was disabled, within the meaning of the ADA and/or Defendant perceived and/or regarded Plaintiff as having a disabling condition; and said condition and/or perception constitutes a covered "disability" within the meaning of the ADA.

8. Mr. Welch is a Caucasian male. His date of birth is October 14, 1968.

9. He is a U.S. Army combat veteran and have military service-connected disabilities.

10. He was hired by Walmart Store #1264 in Bellefontaine, Ohio on or about March 24, 2018. He was originally hired as a part-time lawn and garden associate and shortly thereafter was promoted to a CAP II Supervisor at the Bellefontaine store. CAP II Supervisors are hourly employees.

11. On or about August 1, 2018, due to family obligations he requested a transfer to Walmart Store #1539 in Ontario, Ohio. He was told that there was a six-month waiting period

before an employee could transfer to another store, but Defendant agreed it would make an exception.

12. Walmart Store #1539 Store Manager Todd Lester met with Mr. Welch. Mr. Lester told me there was no open position, but one would open soon. In conversations with Mr. Lester Plaintiff told him he medically retired from the United States Army.

13. Mr. Welch started at Store #1539 on September 1, 2018 as a CAP II supervisor, the same position he held in Store #1264.

14. After he began, it became apparent to him that the CAP II supervisor duties at Store #1539 were more extensive than at Store # 1264. The amount of walking far exceeded his prior experience and the duties were much more expansive and physical.

15. Mr. Welch approached store management to discuss how the physical requirements were impacting him physically and mentally, on account of his disabling conditions, and how the job duties differed from the same position he held in Store #1264.

16. Plaintiff was told there were five positions available in the store which would be lateral transfers. Mr. Welch told management he was interested.

17. A supervisor told him his name was on the list for each position. He did not receive any interviews. He was the only candidate for the positions that had completed the Walmart Department Manager Core Academy, a one-week managers course.

18. Despite his expressed concerns that the physical and mental requirements of the CAP II position were impacting his disabilities, there was no further discussion of other positions available or other means to accommodate my disabilities.

19. Defendant did not initiate any interactive process to explore whether there were accommodations available that would have permitted Mr. Welch to remain a CAP II supervisor.

20. Upon information and belief, the five positions were filled by substantially younger employees and/or employees not suffering from disabilities.

21. Managers at both Walmart Store Nos. 1264 and 1539 were aware of his disabling conditions.

22. 12.  On October 11, 2018 Mr. Welch arrived for work at his scheduled time. Due to the work conditions he became anxious that his disabling conditions would have been negatively impacted if he remained at work that day. In accordance with the policies and procedures of Defendant, he took the remainder of the day off.

23. He returned to work on October 12, 2018 and worked his regular shift without incident.

24. On October 13, 2018 he was confronted by Michael Stone, Assistant Store Manager, who demanded to know why he went home on October 11, 2018. Mr. Welch informed

him that other employees leave during their shift if they are ill and that is what he did. Mr. Stone replied that this was his only warning and he is held to a higher standard.

25. Later that day Mr. Welch spoke with Frank Erhar. Store Co-Manager and told him that he had an issue with his military service-related disabilities and went home that day. He also told Mr. Erhar he considered what Michael Stone said to him to be a threat.

26. Because of the physical requirements of the position and the impact it was having on his disabling conditions, Mr. Welch sought medical treatment. His medical provider recommended lifting and ladder climbing restrictions.

27. On October 31, 2018 he presented the recommendations of his medical provider to management. He was immediately told he could not work because of the restrictions prevented him from doing his job. He was given contact information for Sedgwick Claims Management Services, Inc.

28. Mr. Welch subsequently requested, from Defendant and Sedgwick, a list of jobs he could perform with limitations. He was ultimately returned to work in December 2018 as a Customer Host.

29. In November 2018 he made a complaint to the Walmart Global Ethics hotline in which he reported that he had been subjected to discriminatory conduct and that on account of his complaints he was retaliated against (complaint number WMT-18-11-03625).

30. Despite his requests, he was not provided an explanation as to how the complaint was resolved.

31. He was transferred to a lesser non-supervisory position that was created for him and that paid $13.50 per hour. He had been paid $15.00 per hour as a CAP II supervisor.

32. There was a marked difference in how he was treated after I returned to work. He was treated differently and less favorably than similarly situated employees who were not within my protected class status.

33. Due to the manner in which he was treated in attempting to resolve his disability related limitations, the time he was forced to take off without pay while Walmart determined what job he could perform and the manner in which he was treated upon his return to the new position, his military service-related disabilities were exacerbated.

34. The manner in which he was treated led him to the conclude that he had no chance of advancement and due to the manner in which his disabling condition had declined, he saw no choice but to resign.

35. The acts and omissions of Defendant toward Mr. Welch constitute a constructive discharge.

36. On April 12, 2019 Plaintiff filed a timely charge of discrimination alleging, *inter alia,* disability discrimination, age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"); a true copy of said charge is attached hereto, and incorporated herein by reference, as Plaintiff's Exhibit A ("PXA").

37. On September 29, 2019 Plaintiff filed a timely charge of discrimination alleging, inter alia, alleging, *inter alia,* disability discrimination, age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"); a true copy of said charge is attached hereto, and incorporated herein by reference, as Plaintiff's Exhibit A ("PXB").

38. The EEOC conducted an investigation and was unable to conclude that the information obtained establishes violations of statutes and issued a Notice of Rights dated September 30, 2019 and postmarked October 1, 2019 ; a true copy of said Notice of Rights is attached hereto, and incorporated by reference herein, as Plaintiff's Exhibit B ("PXC").

39. Plaintiff has satisfied all conditions precedent to this Court's exercise of jurisdiction over claims under the ADA.

40. By reason of Defendants' foregoing acts and omissions of disability discrimination and retaliation for Mr. Welch having engaged in activity protected under the ADA, he has been damaged in said sums of Back and Front Pay and Compensatory and Punitive Damages, plus reasonable attorneys' and experts' fees and costs.

**Count II (ADA – Retaliation)**

41. Plaintiff restates the allegations contained in foregoing paragraphs of this Complaint as if fully restated herein.

42. Defendants were and are an employer within the meaning of the ADAAA.

43. The ADA, and in particular 42 USC 12203 of the ADA, *inter alia*, proscribes employers from discrimination against any individual who has opposed any act or practice unlawful under the ADA.

44. Defendant engaged in a pattern and practice of retaliatory conduct toward Plaintiff after he engaged in the aforementioned protected activity by, *inter alia* pretextual failure to afford Plaintiff continued reasonable accommodations he had been afforded, denial of requests for additional reasonable accommodations, failure to engage in any meaningful interactive process and denial of the opportunity to apply for other positions with Defendant.

45. Plaintiff filed a timely charge of discrimination and amended charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging, *inter alia,* retaliation for having engaged in activity protected under the ADA in the form of requests for reasonable accommodations; a true copy of said charge is attached hereto, and incorporated herein by reference, as PXA and PXB.

46. The EEOC conducted an investigation and was unable to conclude that the information obtained establishes violations of statutes and issued a Notice of Rights on September 30, 2019; a true copy of said Notice of Rights is attached hereto, and incorporated by reference herein, as Plaintiff's Exhibit C..

47. Plaintiff has satisfied all conditions precedent to this Court's exercise of jurisdiction over claims under the Title VII.

48. This Court has jurisdiction by virtue of the ADA.

49. Venue is proper by virtue of 28 U.S.C. §1391 as all acts of Defendant arose in this judicial District.

50. By reason of the foregoing acts and omissions of retaliatory conduct by Defendants in violation of the ADA, Plaintiff has been damaged in said sums of Back and Front Pay and Compensatory and Punitive Damages, plus reasonable attorneys' and experts' fees and costs under 42 U.S.C. §1988.

**Count III (ADEA)**

51. Plaintiff restates the allegations contained in foregoing paragraphs of this Complaint as if fully restated herein.

52. Defendants were and are an employer within the meaning of the ADEA 29 U.S.C. §§621-634.

53. Plaintiff was born in 1958 and is therefore within the protected age class set forth in the ADEA,

54. The ADEA proscribes employers from discrimination against any individual within the protected class on account of their age.

55. Defendant engaged in a pattern and practice of age-based discrimination toward Plaintiff.

56. Defendant was treated less favorably that younger employees not within his protected class or employees who were substantially younger than him.

57. Plaintiff filed a timely charge of discrimination and amended charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging, inter alia, age-based discrimination; a true copy of said charge is attached hereto, and incorporated herein by reference, as PXA and PXB.

58. The EEOC conducted an investigation and was unable to conclude that the information obtained establishes violations of statutes and issued a Notice of Rights on September 30, 2019; a true copy of said Notice of Rights is attached hereto, and incorporated by reference herein, as Plaintiff's Exhibit C.

59. Plaintiff has satisfied all conditions precedent to this Court's exercise of jurisdiction over claims under the ADEA.

60. This Court has jurisdiction by virtue of the ADEA.

61. Venue is proper by virtue of 28 U.S.C. §1391.

62. By reason of the foregoing acts and omissions of retaliatory conduct by Defendants in violation of the ADEA, Plaintiff has been damaged in said sums of Back and Front Pay

and Compensatory and Punitive Damages, plus reasonable attorneys' and experts' fees and costs under 42 U.S.C. §1988.

### Count IV (State Law Disability Discrimination)

63. Plaintiff restates the allegations contained in foregoing paragraphs of this Complaint as if fully restated herein.

64. Defendant is an employer within the meaning of the Ohio Civil Rights Act (the "OCRA"), Chapter 4112, Ohio Revised Code ("R.C."), and specifically as provided in R.C. 4112.01(A)(2) of the OCRA.

65. At all relevant times, Plaintiff was disabled, within the meaning of the OCRA and/or Defendants perceived and/or regarded Plaintiff as having a disabling condition; and said condition and/or perception constitutes a covered "disability" within the meaning of R.C. 4112.01, *et seq.*

66. At all relevant times, Defendant knew Plaintiff was disabled, within the meaning of the OCRA and/or Defendants perceived and/or regarded Plaintiff as having a disabling

condition; and said condition and/or perception constitutes a covered "disability" within the meaning of R.C. 4112.01, *et seq.*

67. By reason of the foregoing acts and omissions of discriminatory conduct by Defendant in violation of the OCRA, Plaintiff has been damaged in said sums of Back and Front Pay and Compensatory and Punitive Damages.

### Count V (State Law Retaliation)

68. Plaintiff restates the allegations contained in foregoing paragraphs of this Complaint as if fully restated herein.

69. Defendant is an employer within the meaning of the Ohio Civil Rights Act (the "OCRA"), Chapter 4112, Ohio Revised Code ("R.C."), and specifically as provided in R.C. 4112.01(A)(2) of the OCRA.

70. Defendant retaliated against Plaintiff on account of her engagement in the aforementioned protected activity in the form of seeking reasonable accommodations for her disabling condition all in violation of R.C. 4112.02(I).

71. By reason of the foregoing acts and omissions of retaliatory conduct by Defendant in violation of the OCRA, Plaintiff has been damaged in said sums of Back and Front Pay and Compensatory and Punitive Damages.

**WHEREFORE,** Plaintiff demands:

    **A.** Trial by jury on all Counts;

    **B.** Judgment for plaintiffs and against the Defendant for said sums of: Back and Front Pay; Compensatory and/or Punitive Damages; prejudgment interest; and/or reasonable attorneys' fees and costs; and

    **C.**    Such other and further relief as is just and equitable under the facts and circumstances.

        Respectfully submitted,

        <u>  s/ John F. Myers                    </u>
        John F. Myers #0032779
        Attorney at Law
        275 North Portage Path, 3C
        Akron, Ohio 44303
        (330) 535-1202
        (330) 819-3695 (cell)
        johnmyerscolpa@gmail.com

        Attorney for Plaintiff Thomas Welch